UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Flexi-Van Leasing, Inc., ) | Civil Action No.: 4:16-CV-3594-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| US Services, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Motion to Dismiss filed on December 14, 2016 by Defendant US Services, LLC ("US Services") pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF #8]. On February 24, 2017, Plaintiff filed its Memorandum in Opposition to the Motion. [ECF #21]. The Court has had the opportunity to thoroughly review the pleadings of record and consider arguments of counsel.[1]

## **Background**

The factual background, including the applicable business relationship and contractual obligations involved with respect to the different parties is adequately set forth in Plaintiff's Complaint. Briefly stated, on November 9, 2016, Plaintiff Flexi-Van Leasing, Inc. ("Flexi-Van") filed its Complaint in this Court pursuant to 28 U.S.C. § 1332(a)(1), seeking contractual and equitable indemnification from US Services in an amount equal to all sums paid pursuant to a settlement agreement in a related, underlying lawsuit. According to the allegations in the Complaint, on November 19, 2010 in Darlington

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

1

County, South Carolina, John Green was driving a tractor trailer truck on behalf of US Services when the outer left rear wheel assembly and tire apparently separated from the chassis, rolled into an oncoming car, and caused personal injury to the occupants (Mr. and Mrs. Sessoms) of that vehicle. [ECF #1, p. 19].

On April 9, 2012, the occupants who suffered personal injury brought suit in the Darlington County, South Carolina Court of Common Pleas alleging negligence, gross negligence and recklessness, and loss of consortium. [ECF #1, p. 19]. This lawsuit, styled *Bobby Gene and Tressie Sessoms v. John Green, individually; US Services, LLC; CMA CGM (America), LLC; South Atlantic Consolidated Chassis Pool, LLC; Consolidated Chassis Management, LLC; Flexi-Van Leasing, Inc., and Container Maintenance Corporation*, Civil Action No. 2012-CP-16-0317, was ultimately resolved via a settlement agreement and was dismissed on January 20, 2015. [ECF #1, p. 20].[2] According to the present federal Complaint, the Sessoms's injuries and damages were brought about by the sole negligence of US Services and Mr. Green. [ECF #1, p. 20]. Though not a party to the underlying lawsuit, Hamburg Süd North America, LLC ("Hamburg") defended and indemnified certain involved entities who were parties in the underlying lawsuit, including CMA CGM, SACP and CCM. [ECF #1, p. 20]. It is Plaintiff's belief that Hamburg is entitled to recover indemnification against certain involved corporations and individuals, including US Services based upon language found in two documents entitled the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA") and the Contract Carrier's Trucking Contract ("CCTC"). [ECF #1, p. 20]. Plaintiff alleges US Services entered into an agreement, the UIIA, with Hamburg and was operating under the terms and scope of the UIIA at the time the alleged accident

---

[2] Defendant did not initially attach the Stipulation of Dismissal to its Motion; however it included this document within the record on May 19, 2017. While Defendant included the fact that the Stipulation of Dismissal included the language "each party to bear its own costs," within its Motion [ECF #8], Defendant does not otherwise argue that this language was intended to foreclose Plaintiff's opportunity to seek indemnification. Thus, this Court declines to consider what the parties intended "costs" to include in the Stipulation of Dismissal.

2

in question occurred. [ECF #1, p. 12]. Plaintiff further alleges US Services entered into an agreement, the CCTC, with Hamburg. [ECF #1, p. 12]. Under the terms of the UIIA, Hamburg must indemnify Plaintiff for all monies it contributed toward the settlement of the underlying lawsuit. [ECF #1, p. 20]. Plaintiff has named US Services in this lawsuit, as opposed to also including Hamburg, because Plaintiff contends that ultimate responsibility for the accident rests with US Services, and for efficiency's sake, if Plaintiff sued Hamburg, Hamburg would have to then bring an action to include, and against, US Services. [ECF #1, p. 20].

Defendant US Services now brings its Motion to Dismiss arguing that Plaintiff fails to state a claim upon which relief may be granted because Plaintiff and Defendant have not contracted together in any capacity, thus Plaintiff cannot seek contractual indemnification. Further, Defendants states that Plaintiff's claim for equitable indemnification relies upon a "bald claim of entitlement for relief." Plaintiff responded to these arguments in turn, specifically arguing that in settlement of Plaintiff's indemnification claim against Hamburg, Hamburg assigned to Flexi-Van its contractual indemnity right against U.S. Services arising out of the facts surrounding the accident in the underlying lawsuit.

## Standard of Review

Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974. The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not

3

require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Court notes that Plaintiff has included within its Complaint the relevant language in the contracts in question, as well as it has attached those contracts to its Complaint. [ECF #1, Exhibits A-E].

## **Discussion**

Indemnity is a "form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 398 S.E.2d 500, 502, 303 S.C. 52 (S.C. Ct. App. 1990). South Carolina recognizes two forms of indemnity: contractual indemnity and equitable indemnity. *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 611 S.E.2d 235, 237, 363 S.C. 385 (2005). Contractual indemnity involves a transfer of risk for consideration, and it is the contract that outlines the nature of the parties' relationship. *Id.* On the other

4

hand, equitable indemnity is based upon the specific relationship between the indemnitee and the indemnitor in dealing with a third party. *Id.* Defendant first argues that because Plaintiff and Defendant have not contracted with each other in any capacity, Plaintiff may not seek contractual indemnification from Defendant. Moreover, Defendant argues that the right to indemnity is personal; therefore, it creates no legal or equitable interest in "third party beneficiaries."[3]

In response, Plaintiff contends that the allegations within the Complaint establish that Plaintiff as a provider of equipment that Defendant had possession of and was using when the accident occurred; thus, Plaintiff is entitled to seek contractual indemnification from US Services under the terms of the UIIA. Plaintiff further argues that Defendant's reliance on case law suggesting the right to indemnity cannot be assigned lacks merit for two reasons. First, Plaintiff notes that the case law cited in Defendant's brief on pages 4 and 5 do not involve an indemnification provision to support its claim. Indeed, this Court's review of those cases reveal that these cases involved re-insurance contract claims, not necessarily indemnity or hold harmless provisions within a contract. In fact, one court expressly noted that contracts are creatures of flexibility that can confer rights that would otherwise not exist. *U.S., to Use of Colonial Brick Corp. v. Fed. Sur. Co.*, 5 F. Supp. 247, 250 (D. Md. 1933), aff'd, 72 F.2d 964 (4th Cir. 1934). Second, Plaintiff argues that South Carolina jurisprudence recognizes the assignment of a "chose in action." *See Moore v. Weinberg*, 644 S.E.2d 740, 745, 373 S.C. 209 (S.C. Ct. App. 2007) ("a chose in action can be validly assigned in either law or equity"); *See* S.C. Jur. *Assignments* § 19 (2006) ("[a] chose in action is the right of proceeding in a court to procure the

---

[3] Both Defendant and Plaintiff ground a portion of their arguments under a third party beneficiary theory. Under South Carolina law, while a third party not in privity of contract with the contracting parties may not enforce a contract, the third party may enforce a contract when the contract is made for the direct benefit of that third party. *R. J. Griffin v. Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 164 (4th Cir. 2004) (citing *Goode v. St. Stephens United Methodist Church*, 494 S.E.2d 827, 833, 329 S.C. 433 (S.C. Ct. App. 1997)). In this case, it is unclear whether the contracting parties made the contract for the direct benefit of Plaintiff. Accordingly, this Court questions whether a third party beneficiary theory is applicable based on the facts in the record.

5

payment of a sum of money, or the right to recover a personal chattel or a sum of money by action . . .in South Carolina a chose or thing in action is statutorily included in one's personal property and is assignable"); *see generally duPont de-Bie v. Vredenburgh*, 490 F.2d 527, 1060 (4th Cir. 1974)(discussing assignment in the context of a separation agreement, but noting that the right to receive money due or to become due under an existing contract may be assigned, even though the contract itself may not be assigned).

As alleged in the Complaint, Plaintiff entered into an agreement with South Atlantic Consolidated Chassis Pool, LLC ("SACP") to act as manager of this cooperative chassis pool. [ECF #1, p. 5]. SACP entered into an agreement with Hamburg to allow Hamburg use of the equipment in the chassis pool. [ECF #1, p. 6]. Plaintiff alleges within this agreement, Hamburg agreed that "manager" of the pool was to be appointed by SACP, and further, that Hamburg would indemnify, defend, and hold harmless the manager of the pool. [ECF #1, pp. 6-7]. Plaintiff further alleges that Defendant entered into an agreement with Hamburg, the UIIA, which further provides for indemnification on the part of Hamburg and its agents against losses incurred due to the wrongful failure to defend a lawsuit or negligence or intentional acts on the part of Defendant. [ECF #1, p. 12]. Finally, as alleged in the Complaint, Hamburg, as "User" under the MCUA, and Defendant as "Motor Carrier" under the UIIA must indemnify Plaintiff for all monies Plaintiff contributed toward the settlement, as this loss was brought about by Defendant's negligence, and Hamburg has since assigned all right, title and interest to indemnification received from Defendant to Plaintiff. [ECF #1, pp. 20-21]. Specifically, Paragraph 59 of the Complaint states that "in settlement of Flexi's claim for indemnity against Hamburg, as "User" under the MCUA, Hamburg has assigned all right, title and interest it has under the UIIA and under the CCTC to seek indemnification from US for all sums Flexi is entitled to

6

recover from it under the MCUA." [ECF #1, p. 21]. Within the Complaint, Plaintiff thus alleges that Plaintiff, as provider of the equipment in question may seek indemnification from Defendant, who was in possession of the equipment at the time an alleged tort occurred, based on the contractual language cited in the Complaint providing for indemnification. Accordingly, this Court finds that Plaintiff has pled facts to support its claim for contractual indemnification at this stage in the litigation.

Defendant also generally argues that Plaintiff has failed to plead facts to support its claim for equitable indemnification. In order to recover under this theory, Plaintiff must prove: (1) Defendant was at fault in causing Plaintiff's damages; (2) Plaintiff has no fault for these damages; and (3) Plaintiff has incurred expenses that were necessary to protect its interest in defending against the underlying lawsuit. *Pulliam v. Clark*, No. 4:11-cv-03047, 2013 WL 353671, at *1 (D.S.C. Jan. 29, 2013) (quoting *Vermeer Carolina's Inc. v. Wood/Chuck Chipper Corp.*, 518 S.E.2d 301, 307, 336 S.C. 53 (S.C. Ct. App. 1999). In the Complaint, Plaintiff alleges that it was named as a defendant in the underlying lawsuit, which ultimately settled. [ECF #1, pp. 19-20]. Plaintiff alleges Defendant was solely responsible for the injuries and resulting damages to the plaintiffs in the underlying lawsuit. [ECF #1, pp. 18-19]. Plaintiff alleges that due to the economic benefit of settling the case, rather than going to trial, Plaintiff contributed to the cost of settlement. [ECF #1, p. 20]. Plaintiff alleges it has a claim for indemnity against Hamburg, and Hamburg has the right to recover indemnification from Defendant. [ECF #1, p. 20]. Plaintiff alleges that in settlement of its claim for indemnity against Hamburg, Hamburg also assigned its right to indemnity from U.S. Services to Plaintiff. [ECF #1, p. 21].

Hamburg was not a party to the underlying lawsuit and thus did not have to defend itself or otherwise incur expenses defending against the underlying claims; thus, Hamburg does not have an equitable indemnification claim to assign to Plaintiff. However, Plaintiff has pled sufficient facts to

7

state a claim for relief against Defendant based on its own equitable indemnification claim.[4] This Court finds that dismissing this action is inappropriate at this stage because a claim for contractual and equitable indemnification has been adequately plead.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendant's Motion to Dismiss, Plaintiff's response to the motion, and the applicable law. For the reasons stated above, Defendant's Motion to Dismiss [ECF #8] is **DENIED**.

**IT IS SO ORDERED**.

May 25, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[4] Arguably, the language within the Stipulation of Dismissal could have foreclosed Plaintiff's *own* contractual or equitable indemnification claim, such that Plaintiff's indemnification claim herein might have been limited to what Hamburg assigned to it (i.e. Hamburg's contractual indemnity claim against U.S. Services). However, Defendant does not advance this argument. Terms such as "costs" should be construed to include their normal and accepted meaning. 20 C.J.S. Costs § 33 (Apr. 11, 2017); *see generally Legal Costs*, BLACK'S LAW DICTIONARY, (10th ed. 2014) ("attorney's fees and other expenditures related to a lawsuit").